IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

FILED
IN OPEN COURT

SEP 2 3 2021

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

UNITED STATES OF AMERICA          )
                                  )
          v.                      )          Criminal No. 2:21-cr-90
                                  )
MARCUS HUGHES,                    )
                                  )
          Defendant.              )

## STATEMENT OF FACTS

The parties stipulate that the allegations in Counts One and Three of the pending Indictment and the following facts are true and correct, and that had the matter gone to trial the United States would have proven them beyond a reasonable doubt by admissible evidence, consisting of the following:

1. Based on an investigation that began in January 2020, which included the purchase of a pill press by co-defendant Deshowna Corprew and information obtained by phone records, email accounts, jailhouse phone calls, ping order, record checks and surveillance, it was suspected that the defendant was running a drug distribution operation in Virginia Beach, Virginia and surrounding cities.

2. On March 19, 2021, the defendant and Deshowna Corprew drove up to Rhode Island and their route was tracked via a ping order. Based on the ongoing investigation it was believed that the defendant was traveling to Rhode Island to re-up on illegal narcotics from his source of supply.

3. On the return trip, after the defendant and Deshowna Corprew entered Virginia Beach from the Chesapeake Bay Bridge Tunnel, the Virginia State Police conducted a traffic stop. A canine alerted to the presence of drugs in the automobile and a subsequent search

revealed a package on the back seat. The package contained approximately 14,000 blue pill tablets and a package of white powdery substance.  A lab report revealed that the blue pill tablets contained Fentanyl (approximately 1.25 kilograms) and the white powdery substance was Cocaine (approximately one kilogram).  There was also a loaded .40 caliber handgun found under the driver's seat.

4.  In a *Mirandized* statement the defendant admitted to his drug distribution operation.  He stated that everything in the car belonged to him and that he uses the car as his office for his drug distribution operation.

5.  In regard to Count Three of the pending indictment, the defendant admitted that everything in the automobile belonged to him, including the drugs and firearm.  If the matter went to trial, expert testimony would establish the relationship between drug distribution and the possession of firearms, namely that those who deal drugs often possess firearms to protect themselves, their supply of drugs, and their money from those who would attempt to steal the drugs and money.

6.  These events occurred in the Eastern District of Virginia and elsewhere.

Respectfully submitted,

Raj Parekh
Acting United States Attorney

By: _____

William D. Muhr
Assistant United States Attorney
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number: (757) 441-6331
Facsimile Number: (757) 441-6689
Email Address:  bill.muhr@usdoj.gov

After consulting with my attorney and pursuant to the plea agreement entered into this day between the defendant and the United States, I hereby stipulate that the above Statement of Facts is true and accurate, and that had the matter proceeded to trial, the United States would have proved the same beyond a reasonable doubt.

MARCUS HUGHES

I am MARCUS HUGHES's attorney. I have carefully reviewed the above Statement of Facts with him. To my knowledge, his decision to stipulate to these facts is an informed and voluntary one.

Andrew W. Grindrod
Counsel for Defendant